UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**BORIS NICKOLAEVICH SKUDNOV**                                                     **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 1:10CV-98-M**

**NATIONAL CITY BANK**                                                                  **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Boris Nickolaevich Skudnov, filed this civil action against National City Bank. Plaintiff is seeking injunctive relief only in the form of having Defendant produce to him "money orders from 01/2003 through 08/2003." From Plaintiff's complaint, it appears that he attempted to obtain the records on his own in June 2008 and again in 2009. Because the Court lacks subject matter jurisdiction over the action, it will dismiss the complaint pursuant to Fed. R. Civ. P. 12(h)(3), which permits a court to dismiss a case *sua sponte* at anytime for lack of subject matter jurisdiction. *See Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998) (overruled in part on other grounds as stated in *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Plaintiff does not allege the jurisdictional basis of this case. Plaintiff states that he has a "constitutional right" to obtain the documents. However, Plaintiff cannot rely on the Constitution to force a private entity to turn over documents to him. Thus, there is no federal question jurisdiction in this case.

The Court next examines whether Plaintiff can satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332. To properly invoke the Court's diversity jurisdiction, Plaintiff must establish that this action is between citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00. *Id.*

Plaintiff has not alleged the citizenship of either himself or Defendant in his complaint. However, even if Plaintiff had established the first prong, he would fail under the second. If only injunctive relief is sought, the cost of complying with an injunction is used to establish the amount in controversy. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006). The Sixth Circuit has not yet resolved whether it "view[s] the amount in controversy from the perspective of the plaintiff or the defendant." *Northup Props., Inc. v. Chesapeake Appalachia*, LLC, 567 F.3d 767, 770 (6th Cir. 2009). The Court has considered both the Plaintiff's and Defendant's viewpoint. Neither viewpoint supports a finding that the amount in controversy exceeds $75,000.

Accordingly, because the Court concludes that Plaintiff is not seeking damages that meet

the amount-in-controversy requirement in good faith, this matter will be **DISMISSED** by separate order for lack of subject matter jurisdiction.

Date:

cc: Plaintiff, *pro se*

4414.008